```
 1                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2
                                             Criminal No.
 3                                           04-10098-WGY

 4

 5

 6   * * * * * * * * * * * * * * * *
                                    *
 7   UNITED STATES OF AMERICA       *
                                    *
 8   v.                             *    SENTENCING EXCERPT
                                    *
 9   JENNIFER PAVAO                 *
                                    *
10   * * * * * * * * * * * * * * * *

11

12             BEFORE:  The Honorable William G. Young,
                               District Judge
13

14

15

16

17

18

19

20

21

22

23

24                                        1 Courthouse Way
                                          Boston, Massachusetts
25
                                          May 1, 2006
```

1    **THE COURT:**  Ms. Jennifer Pavao, in consideration of
2    the factors which this Court must evaluate under 18 United
3    States Code, Section 3553, the information from the United
4    States Attorney, the probation office, your attorney and
5    yourself, the Court sentences you to three years in the
6    custody of the United States Attorney General to be followed
7    by five years of supervised release.
8         The Court imposes upon you no fine due to your
9    inability to pay a fine, and a $100 special assessment.
10        The special conditions of your supervised release
11   are that you shall submit to the collection of a DNA sample
12   as directed by the probation office.  You're prohibited from
13   possessing a firearm or other dangerous weapon.  You're to
14   participate in a program for substance abuse which program
15   may include testing not to exceed 104 drug tests per year.
16   You're to participate in a mental health treatment program,
17   and you are required to contribute to the costs of both of
18   those programs to the extent of your ability so to
19   contribute.
20        Let me explain that sentence to you.  Now, that's a
21   three year sentence.
22        I should say you have credit toward that sentence
23   from the period from March 16th through March 24th, 2004,
24   and from May 2nd, 2005 to the present when you were in
25   federal custody.

```
 1              It's very important that you understand the reason
 2       for this sentence.  Your explanation, your talk to the Court
 3       is, with one exception, about as honest a talk as I've
 4       heard.  Lots of people when they're ready to be sentenced
 5       say I'm sorry.  I recognize what I did was wrong.  And lots
 6       of people say I've changed my life.  And I must admit I'm
 7       generally skeptical.
 8              You said something that's terribly, terribly
 9       important.  You said, and I believe it, what the time away
10       from your family has in fact done for you.  And you said
11       further what seeing other people brought into Framingham,
12       their families ruined, their children left alone because of
13       drugs, how that has caused you to have a deeper
14       understanding of what you were involved in.  And that I
15       believe.
16              You also said -- you also asked, as your attorney
17       so ably asked for you, could I give you one more chance.
18       And I'm telling you courts aren't about one more chances.  I
19       made this a three year sentence.  You were looking at ten.
20       You know that.  I made it a three year sentence.  My
21       responsibility.
22              The government's been fair throughout here.
23       They've treated everyone equally.  They've made
24       recommendations that make sense.  I've gone lower in your
25       case.  But I can't go under the three.  Here's why.
```

1          Because what you in fact did has -- we don't have
2    to trace out every bit of those drugs, because that's ruined
3    other families and other mothers, fouled up other children.
4    And it's just not, it cannot be an excuse that -- and I've
5    read what your doctor says with great care.  You're a person
6    who's had low self-esteem.  Nothing much I can say this
7    afternoon is going to change that.  Certainly sending you to
8    prison is not going to change that.  I don't pretend that it
9    does.  I don't -- no judge -- I don't feel good about any
10   sentence I ever impose.
11         But I ask you to think about this.  These people,
12   your family, who are sitting here, and who have supported
13   you and who you've properly thanked for their support, they
14   see how tough and strong and independent you really are.
15   You may not see that, but they see it far better than I.
16         Mr. Andrews has made the argument about what you've
17   done.  You've said, and I believe it, about burning your
18   bridges behind you so that you can prepare yourself for a
19   new life.  I believe that.
20         The sentence imposed is designed to deter other
21   people from doing what you've done.  It simply cannot be an
22   excuse that you were dependent upon a guy with whom you had
23   a relationship.  That can't cut it.  Though in your case Mr.
24   Andrews properly argues that's why you did what you did.  I
25   believe that.

1          Now, this is a sentence, with the approximately 14
2    months you've already done, this is a sentence, 16, 17
3    months.  You can do that.  You're going to get help during
4    the period of supervised release that follows.  That help is
5    really for you.  This is a just and a fair sentence.  It is
6    the sentence of this Court.
7          You have the right to appeal from this sentence and
8    any findings and rulings that the Court has made.  Should
9    you appeal and should your appeal be successful in whole or
10   in part and the case remanded resentencing will be before
11   another judge.
12         Mr. Andrews, should you determine to appeal, should
13   your client determine to appeal, I want you to order from
14   the court reporter the transcript prior to filing the notice
15   of appeal because I will act on it immediately and that will
16   cut down the time for transcript preparation.
17         Do you understand that?
18         **MR. ANDREWS:**  I do, your Honor.
19         **THE COURT:**  That's the sentence of the Court.
20   We'll recess.
21         **THE CLERK:**  All rise.  Court is in recess.
22         (Whereupon the matter concluded.)
23
24
25